CARUSO *v.* WEBER.

1. ACTION—BURDEN ON PLAINTIFF TO SHOW CAUSE OF ACTION.
   Plaintiff always has burden of showing his cause of action.

2. MONEY HAD AND RECEIVED—EVIDENCE INSUFFICIENT TO SHOW
   CAUSE OF ACTION—RECEIPTS—IDENTIFICATION.
   In action for money claimed to have been collected by defendant
   on rent belonging to plaintiff, introduction of receipts pur-
   porting to have been given by defendant for rent paid to him
   was insufficient to sustain judgment for plaintiff, in absence
   of testimony that defendant received any money, or that said
   receipts were signed by him.

Appeal from Wayne; Campbell (Allan), J. Sub-
mitted January 5, 1932. (Docket No. 28, Calendar
No. 35,692.) Decided March 2, 1932.

Assumpsit in common pleas court by Anna Caruso
against Joseph F. Weber under the common counts
for money had and received. Judgment for plaintiff.
Defendant appealed to the circuit court. Judgment
for plaintiff. Defendant appeals. Reversed, and
new trial granted.

*Silberman & Weil,* for plaintiff.

*Henry C. Bogle,* for defendant.

POTTER, J. Plaintiff sued defendant in common
pleas court in Detroit in assumpsit and had judg-
ment. Appeal was taken to the circuit court of
Wayne county, where plaintiff again had judgment.
Defendant appeals. The sole question is whether

there was evidence to sustain the judgment. The suit was brought to recover rent alleged to have been collected by defendant from tenants of plaintiff's property. The caretaker of plaintiff's property was sworn. He testified he collected the rent from tenants for a part of the time and turned it over to Mr. Barton. He produced a receipt purporting to be for rent paid by a tenant to defendant Weber. No one testified Weber received any money for rent of the premises in question. No one identified the receipts as having been signed by Weber, and no one otherwise authenticated such receipts.

"A plaintiff has always the burden of showing his cause of action. Every defendant is entitled to go clear unless made answerable by legal testimony. There are no presumptions against him. If there is no testimony to be found, it is not admissible to make out a case without it. When plaintiff's case was closed, no cause of action had been made out." *Lendberg* v. *Brotherton Iron Mining Co.*, 75 Mich. 84, 89.

This language applies to this case. There is no sufficient evidence to sustain the judgment, which is reversed, with costs, and a new trial granted.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.